943 F.2d 54
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald M. MARZEC, Ronald M. Marzec, Jr., and David V.
Kaczmarek, et al., Plaintiffs-Appellants,
v.
VILLAGE OF CRESTWOOD, ILLINOIS, Bee Line Towing Company and
Ronald Aumueller, doing business as American
Leasing Company of Palos Hills,
Defendants-Appellees.
 No. 90-3595.
 United States Court of Appeals, Seventh Circuit.
 Argued May 30, 1991.
Decided Sept. 3, 1991.
 
 Before COFFEY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 The plaintiffs ran a car repair shop from leased property, but fell behind on their monthly payments to landlord Ronald Aumueller, who changed the locks on the building and enlisted the aid of Crestwood police officers to have vehicles towed and personal property removed from the premises. The plaintiffs sued Aumueller, the Village, and Bee Line Towing Company under 42 U.S.C. § 1983 for depriving them of property without due process of law. The district court granted summary judgment to the defendants. We affirm.
 
 I.
 
 2
 In October of 1985 Ronald M. Marzec entered into a lease with Ronald Aumueller, doing business as American Leasing Company of Palos Hills, for the premises at 13660 South Kenton Avenue in Crestwood, Illinois. Marzec operated the business of C & R Auto & Truck Repair from the premises until August 1, 1987, when he sold C & R to his son (Ronald M. Marzec, Jr.) and two other men (David V. Kaczmarek and Jeffrey A. Grenier) for $25,000. For about one year the new owners continued to operate C & R from the premises, and paid rent to Aumueller.
 
 
 3
 However, by September of 1988 C & R had apparently fallen on hard times. Kaczmarek and Marzec, Jr. were working other jobs, leaving Grenier as the only full-time operator. By September 20, 1988, when, after several demands, the September rent and certain insurance coverage had not been paid, Aumueller confronted Grenier, obtained the keys to the building, and changed the locks.
 
 
 4
 On the same day, after changing the locks, Aumueller went to the Village's chief of police and asked that the vehicles on the premises be towed. (Apparently the previous week Aumueller had called Bee Line Towing Co., only to be told that Bee Line could not tow abandoned vehicles unless authorized by the police.) He put the request in writing, stating that C & R had abandoned the premises. The chief ordered Sergeant John Foster to go to the premises and have the vehicles towed. Foster called Bee Line and asked it to tow the vehicles as requested by Aumueller. Bee Line towed nine vehicles; Foster prepared a Vehicle Tow Report on each, noting that they were parked on private property without consent of the property owner.
 
 
 5
 When a tow was requested pursuant to Village Code § 10-9-2,[1] the usual Village practice was to place a tow sticker on each car and then wait seven days before having the vehicles towed. Although the warning stickers are not required by the Village Code, this was the first time the Village had cars towed from private property without tow stickers first being placed on the cars. The vehicles were towed in this case without any notice, and no hearings were held prior to or after the towing.
 
 
 6
 The plaintiffs also kept personal property inside the premises, primarily tools and parts for automotive repair, but also unrelated items such as golf clubs, electric guitars, drums, camping equipment and a bedroom set. On September 21, 1988, Aumueller hired two people to clean up the premises and clear out the personal property. Grenier and a friend showed up and found the door locked. Aumueller, who was inside, said he let Grenier and friend in. Aumueller stated that Grenier complained that personal property was gone, and that Grenier's friend became agitated and threatened him. Aumueller telephoned the Crestwood Police Department and two police officers arrived after Grenier and friend left the building. Grenier states that he showed the officers his business card and asked to be allowed inside the premises to obtain a copy of the lease to show the officers, but that the officers threatened to arrest him if he didn't leave. Aumueller stated that the police officers directed their comments at Grenier's friend because of his threats to Aumueller.
 
 
 7
 The plaintiffs brought a § 1983 action in federal court claiming that the defendants violated their civil rights. Specifically they claim, inter alia, that Aumueller authorized the Village to two the vehicles without permission from or notice to the owners in violation of Illinois law; that the actions of Aumueller and Bee Line, in cooperation with the Village, were under the color of law; that the Village violated due process by not giving pre-tow or post-tow notices and hearings; and that the plaintiffs' business and property suffered damage as a result of the defendants' actions.
 
 
 8
 The district court in a thorough opinion granted summary judgment for the defendants. The court held that, if the chief of police was acting pursuant to Village Code § 10-9-2, he violated Village policy by not waiting the required seven days. Thus, the municipality was not liable. Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) (municipalities liable only for employees' execution of government's "policy or custom" that violates constitutional rights). The court went on to hold, however, that Aumueller's written request likely brought the action under Village Code § 10-9-3,[2] under which the chief is required to order towing upon written notification. The court then held that § 10-9-3 (governing temporary possession of abandoned, lost, stolen or unclaimed vehicles) substantially duplicated an Illinois statute,[3] and that therefore Illinois was the actual policymaker, and the Village could not be responsible for any violation of the plaintiffs' rights. (District court opinion at 14.)
 
 
 9
 The court also granted summary judgment on the personal property claim, because the plaintiffs failed to argue that the Village had any role in locking them out of the premises and taking the personal property. The court rejected the claims against Bee Line because it had nothing to do with taking the personal property, and against Aumueller because he was not alleged to have engaged in joint action with the Village.
 
 
 10
 On appeal, the plaintiffs argue that the towing occurred pursuant to Village Code § 10-9-3 and therefore subjects the Village to municipal liability. They argue that Aumueller and Bee Line were acting under color of law and therefore are also liable under § 1983.
 
 II.
 
 11
 Summary judgment should be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). No genuine issue exists "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).
 
 
 12
 The plaintiffs now agree with the district court that the towing occurred pursuant to Village Code § 10-9-3 and not § 10-9-2, which relates to abandoned vehicles found on public or private property where there is no request that they be removed.
 
 
 13
 The district court correctly granted summary judgment for the Village on the towing claim because the state of Illinois was the policymaker on towing abandoned vehicles. The plaintiffs' claim is foreclosed by our recent decision in Surplus Store and Exchange, Inc. v. City of Delphi, 928 F.2d 788, 791-92 (7th Cir.1991), in which Chief Judge Bauer wrote:
 
 
 14
 It is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the "policy" of enforcing state law. If the language and standards from Monell are not to become a dead letter, such a "policy" simply cannot be sufficient to ground liability against a municipality.
 
 
 15
 The plaintiffs attempt to distinguish the Village's action from the policy set by state statute through a circular argument--that the Village Code must have been the source of the policy because the Village carried out the actual deprivation. This argument completely misses the point of Surplus Store: that there must be evidence of something the municipality does beyond enforcing an identical state statute. There is no liability "under circumstances where no wrong could be ascribed to municipal decisionmakers." City of Oklahoma City v. Tuttle, 471 U.S. 808, 821 (1985). In this case no wrong can be ascribed to municipal decisionmakers; the policy in force is not their own but the state's. The state statute is mandatory, and places a duty on the municipality independent of the duplicative Village Code. See ILL.REV.STAT. ch. 95 1/2, § 4-202 (1989). ("[U]pon receipt of ... notification, the municipal police ... will authorize a towing service to remove and take possession of the abandoned ... vehicle" (emphasis added). No substantive deviation is allowed from the policy set by the state. That is why the Village adopted a substantively identical provision. Summary judgment was properly granted for the Village.[4]
 
 
 16
 The plaintiffs argue that Aumueller and Bee Line are liable under "color of law" since they acted jointly with the Village in its deprivation of the plaintiffs' rights. Because we hold that no custom or policy of the Village violated the plaintiffs' rights, Aumueller and Bee Line cannot be liable for violating plaintiffs' rights even if they acted jointly with the Village.
 
 
 17
 The district court also was correct that the allegations in the pleadings relating to the deprivation of personal property were insufficient to create § 1983 liability:
 
 
 18
 [P]laintiffs make no claim that the Village had any role in locking plaintiffs out of the property and taking control of their tools and implements of trade beyond that of the two police officers. There is no suggestion of any evidence that would show a custom or policy of the Village in regard to such matters, and the two police officers were not even arguably policymakers. Therefore, the Village cannot be liable for this aspect of the claim. There is also no possibility of Bee Line's being liable for this aspect of the case, since there is no indication that Bee Line participated in any action, joint or otherwise, having to do with locking plaintiffs out of the property and taking control of their tools and implements of trade. Finally, as noted previously, plaintiffs cannot recover on their claim against Aumueller unless he participated in joint action with the Village. The undisputed facts establish that it was not any action of the Village that caused the claimed violation of plaintiffs' rights.... Also, there appears to be a dearth of evidence of joint action with the police officers themselves.
 
 
 19
 (District court opinion at 13-14.)
 
 
 20
 The district court's brief discussion of this meritless contention is sufficient. For all the foregoing reasons, the judgment of the district court is
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 "ABANDONMENT: The abandonment of a motor vehicle or other vehicle or any part thereof on any highway in this Village is unlawful and subject to penalties as set forth herein. The abandonment of a motor vehicle or other vehicle or any part thereof on private or public property, other than a highway, in view of the general public, anywhere in this Village is unlawful except on property of the owner or bailee of such abandoned vehicle. A motor vehicle or other vehicle or any part thereof so abandoned on private property may be authorized for removal by or upon the order of the Chief of Police department of the Village, after a waiting period of 7 days or more has expired."
 
 
 [2]
 "TEMPORARY POSSESSION: When an abandoned, lost, stolen or unclaimed motor vehicle or other vehicle comes into the temporary possession or custody of a person in this State, not the owner of the vehicle, such person shall immediately notify the Village Police Department when the vehicle is within the corporate limits of the Village. Upon receipt of such notification, the Chief of the Crestwood Police Department shall authorize a towing service to remove and take possession of the abandoned, lost, stolen or unclaimed motor vehicle or other vehicle. The towing service will safely keep the towed vehicle and its contents, maintain a record of the tow until the vehicle is claimed by the owner or any other person legally entitled to possession thereof, or until it is disposed of as provided in this ordinance."
 
 
 [3]
 ILL.REV.STAT. ch. 95 1/2, § 4-202 (1989):
 "Abandoned, lost, stolen or unclaimed vehicle--Notification to law enforcement agencies. When an abandoned, lost, stolen or unclaimed vehicle comes into the temporary possession or custody of a person in this State, not the owner of the vehicle, such person shall immediately notify the municipal police when the vehicle is within the corporate limits of any city, village or town having a duly authorized police department, or the State Police or the county sheriff when the vehicle is outside the corporate limits of a city, village or town. Upon receipt of such notification, the municipal police, State Police or county sheriff will authorize a towing service to remove and take possession of the abandoned, lost, stolen or unclaimed vehicle. The towing service will safely keep the towed vehicle and its contents, maintain a record of the tow as set forth in Section 4-204 for law enforcement agencies, until the vehicle is claimed by the owner or any other person legally entitled to possession thereof or until it is disposed of as provided in this Chapter."
 
 
 [4]
 Although our holding affirms the sua sponte reasoning of the district court, we also agree that, assuming § 10-9-2 applies, the chief of police did not act in conformity with it or with Village custom, and could not be considered a policymaker under Monell. The plaintiffs therefore would also lose on the arguments they made before the district court